UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **No. 5:20-CR-00370-AKK-HNJ** |
| **v.** ) | |
| ) | |
| **PAUL DAIGLE,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Paul Daigle moves to strike or limit certain allegations of the indictment against him. Doc. 70. In the alternative, Daigle moves for a bill of particulars. *Id.* Having considered these requests and the government's objections, doc. 71, the court will deny Daigle's motion because the indictment is constitutionally sound and provides sufficient notice of the conspiracy offense with which Daigle is charged.

### I.

An indictment must include "a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1); *see United States v. Schmitz*, 634 F.3d 1247, 1261 (11th Cir. 2011) (noting that an indictment must "be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense . . . with which he is charged"). An indictment also must "(1) present[] the essential elements of the

charged offense, (2) notif[y] the accused of the charges to be defended against, and (3) enable[] the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Woodruff*, 296 F.3d 1041, 1046 (11th Cir. 2002). "These factors ensure the provision of constitutional notice and due process," *United States v. McGarity*, 669 F.3d 1218, 1235 (11th Cir. 2012) (abrogated on other grounds), and assure that the indictment passes Sixth Amendment muster, *United States v. Cole*, 755 F.2d 748, 759 (11th Cir. 1985).

Under Federal Rule of Criminal Procedure 7(f), the court may order the government to file a bill of particulars. FED. R. CRIM. P. 7(f). Essentially clarifying the indictment, a bill of particulars is designed "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *See United States v. Davis*, 854 F.3d 1276, 1293 (11th Cir. 2017). But a bill of particulars "may not be used 'to obtain a detailed disclosure of the government's evidence prior to trial'" or to acquire information already provided by other sources. *Id.*

## II.

The government indicted Daigle on charges of conspiring to commit wire fraud, committing wire fraud, and submitting false claims to the government in

connection with federal defense contracts. *See* doc. 1. The indictment indicates that the substantive wire fraud and false claims charges relate to four specific invoices under these contracts, but it does not provide this level of detail for the conspiracy charge. *See id.* at 2, 7–9. As Daigle puts it, "[t]he conspiracy charge embraces 'three aviation-related contracts . . . awarded by the U.S. Department of Defense . . . .' [and] alleges a conspiracy to defraud the government under all three." Doc. 70 at 1–2 (quoting doc. 1 at 2, 4).[1] In his view, these "allegations [are] general enough to cover other unspecified invoices under the same contract, and other contracts as well," requiring him "to defend against far-ranging but unelaborated allegations of false statements in invoices—conceivably just individual line items within them." *Id.* at 2. The bottom line, according to Daigle, is that the court should strike "[a]llegations involving contracts for which the government has not specified false or fraudulent statements" or order the government to file a bill of particulars. *Id.*

### III.

When analyzing challenges to an indictment, the court "give[s] the indictment a common sense construction, and its validity is to be determined by practical, not

---

[1] The government "alleges that [Daigle] conspired to defraud the government by making false representations and submitting false invoices to prime contractors over four years on three successive government contracts" and acknowledges that the other charges "stem from four false invoices submitted under one contract." Doc. 71 at 2.

3

technical, considerations." *McGarity*, 669 F.3d at 1235. The court's inquiry "is satisfied" if the indictment (1) presents the essential elements of the charges, (2) notifies the defendant of those charges, and (3) enables the defendant to rely on any judgment on the indictment to avoid future prosecution for the same offense. *Id. See also United States v. Pacchioli*, 718 F.3d 1294, 1307 (11th Cir. 2013).

Daigle concedes that "the indictment states all essential elements of a conspiracy to commit wire fraud and, by identifying four invoices in the substantive wire fraud counts, informs [him] of the nature of the conspiracy charge with enough specificity to allow him to defend against those alleged overt acts." Doc. 70 at 8–9. But he argues that "[t]o stay within constitutional bounds," the conspiracy charge "should be confined to the dates, acts (invoices), contract, and prime contractor that the indictment gives fair notice of," *i.e.*, those specified in the other, substantive counts. *Id.* at 9–10. Otherwise, he says, the defense will "not merely [need] to look for a needle in a haystack, but to search every stack in a vast hayfield and to guess whether the government perceives a needle within it." *Id.* at 9.

Daigle's point is well-taken. But his arguments seem to speak to the complexity of the charges and the reams of potentially relevant discovery they may entail, rather than any deficiencies in the indictment. As he mentions in the instant motion, and as the court discussed previously, *see* doc. 42, the government produced voluminous discovery that has likely required labor- and time-intensive review by

4

counsel to defend against the charges. With this in mind, the court recognizes that limiting the conspiracy charge to the dates and acts specified elsewhere in the indictment could help Daigle better understand the nature of the alleged conspiracy and thus prepare for trial.

However, the indictment lists the essential elements of a conspiracy to commit wire fraud and gives Daigle sufficient notice of the charge, and this sufficiency bars the court from striking or limiting the allegations in the manner Daigle suggests. The indictment supplies a timeframe—albeit a four-year period—and spells out the alleged conspiracy's goals, manner, and means, including Daigle's purported participation in causing his company to submit false invoices and fraudulent credentials under several federal contracts. *See* doc. 1 at 3–7; *Cole*, 755 F.2d at 759 (holding as sufficient an indictment for conspiracy that identified co-conspirators, the four-year time span of the conspiracy, the general location of the conspiracy, and the statutes violated). Moreover, as the government observes, conspiracy to commit wire fraud "does not require the commission of an overt act," and so "the government is not required to allege—or even prove—overt acts related to each contract, or any overt act at all." Doc. 71 at 4 (emphasis omitted) (quoting *United States v. Feldman*, 931 F.3d 1245, 1258 (11th Cir. 2019)). *See also Cole*, 755 F.2d at 759 ("[A]n indictment for conspiracy to commit a criminal offense is not required to be as

specific as a substantive count."). Therefore, the court will deny the motion to strike or limit components of the conspiracy charge.

## IV.

Given the facts alleged in the indictment, the court will also deny Daigle's motion for a bill of particulars. To be sure, the conspiracy charge does not identify under which of the invoices related to which of the three contracts Daigle's actions allegedly fell. Again, however, the indictment provides details about the objects, manner, and means of the apparent conspiracy and identifies actions—such as directing employees to falsely track their time and to obtain "fraudulent" education credentials—that Daigle purportedly took to further the wire-fraud conspiracy. *See* doc. 1 at 4–6. These allegations relate directly to acts or conversations in which Daigle apparently participated, minimizing potential surprise to Daigle about the offense with which he is charged. *See Cole*, 755 F.2d at 460; *United States v. Mainieri*, 691 F. Supp. 1394, 1396 (S.D. Fla. 1998) (distinguishing the "constitutional right to know the offense with which [a defendant] is charged" from the "need to know the evidentiary details establishing the facts of such offense").

In addition, "[a] bill of particulars may not be used to compel the government to provide the essential facts regarding the existence and formation of a conspiracy," *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986), or to "obtain a detailed disclosure of the government's evidence prior to trial," *Davis*, 854 F.3d at

1293. Here, because "the indictment precisely and completely defines the offense charged, a bill of particulars to otherwise clarify it is unnecessary." *See United States v. Scrushy*, No. CR-03-BE-530-S, 2004 WL 483264, at *8 (N.D. Ala. Mar. 3, 2004). Thus, Daigle's motion for a bill of particulars is due to be denied.

## V.

In summary, the indictment passes constitutional scrutiny and provides sufficient notice of the conspiracy charge. As a result, Daigle's motion to strike or limit allegations in the indictment or for a bill of particulars, doc. 70, is **DENIED.**

**DONE** the 11th day of May, 2022.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE