# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                      ) | 5:20-CR-00370-AKK |
| ) | |
| PAUL J. DAIGLE          ) | |

## PLEA AGREEMENT

The government and defendant, PAUL J. DAIGLE, hereby acknowledge the following plea agreement in this case:

## PLEA

The defendant agrees (i) to plead guilty to COUNT SIX of the Indictment filed in the above numbered and captioned matter; and (ii) pay restitution to the Department of Defense, in the amount of $52,968. In exchange, the United States Attorney, acting on behalf of the government and through the undersigned Assistant United States Attorney, and the Department of Justice, through the undersigned Trial Attorneys, agree to dismiss COUNTS ONE, TWO, THREE, FOUR, FIVE, SEVEN, EIGHT, and NINE at the time of sentencing, and recommend the disposition specified below, subject to the conditions in paragraph **VII**.

Defendant's Initials _____

# TERMS OF THE AGREEMENT

## I. MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for the crime of Filing a False Claim, in violation of Title 18, United States Code, Section 287, as charged in **COUNT SIX**, is

    a. Imprisonment for not more than 5 years;

    b. A fine of not more than $250,000 or twice the gross gain or loss (whichever is greater), or,

    c. Both (a and b);

    d. Supervised release of not more than 3 years; and

    e. A special assessment of $100.

## II. FACTUAL BASIS FOR PLEA

The government is prepared to prove, at a minimum, the following facts at the trial of this case:

1. The defendant was the Chief Executive Officer of Company A, an aviation services company based in Huntsville, Alabama, in the Northern District of Alabama.

2. On or about February 2, 2015, Company A was engaged as a subcontractor on U.S. Government Prime Contract Number FA85530-08-D0008, Delivery Order BS01, a contract awarded by the U.S. Department of Defense, to provide services, supplies, and personnel necessary to provide logistical support for aircraft

maintained by the Afghan military. When Company A submitted invoices under the subcontract, a claim for payment was submitted to the U.S. Department of Defense, an agency of the United States.

3. The subcontract also contained provisions establishing Labor Categories ("LCATs"), which identified the minimum qualifications for each contract position and a corresponding fixed hourly rate. Compliance with the LCAT requirements was material to the government office making payment for Company A's performance of the subcontract, and Company A was required to verify and provide evidence that its employees met the minimum requirements for their assigned LCAT.

4. On or about March 15, 2015, in Huntsville, Alabama, in the Northern District of Alabama, acting under the defendant's direction, Company A submitted an invoice claiming payment through the subcontract from the U.S. Department of Defense, an agency of the United States. At the time the invoice was submitted, the defendant knew the invoice contained time billed to the subcontract by W.H. and G.L., in the Program Manager LCAT, knew that the Program Manager LCAT required a Bachelor's Degree, and knew neither W.H. nor G.L. had the minimum education required to be billed in that labor category and at the corresponding labor rate. As a result of these falsities, Company A submitted a claim for payment from the Department of Defense, of which at least $52,968 was fraudulent.

Defendant's Initials _CM_

The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant may have committed.

_____
PAUL J. DAIGLE

## III. RECOMMENDED SENTENCE

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the government, will recommend the following disposition:

    (a)    That the defendant be awarded a two (2) level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. The Government agrees to make a motion pursuant to USSG §3E1.1(b) for an additional one (1) level decrease in recognition of the defendant's prompt notification to the Government of the intention to enter a plea of guilty. The Government may oppose any adjustment for acceptance of responsibility if the defendant: (1) fails to admit each and every item in the factual stipulation; (2) denies involvement in the offense; (3) gives conflicting statements about the defendant's involvement in the offense; (4) is untruthful with the Court, the Government, or the United States Probation Officer; (5) obstructs or attempts to obstruct justice prior to sentencing; (6) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (7) attempts to withdraw the defendant's plea of guilty for any reason other than those expressly enumerated in the "Waiver of Right to Appeal and Post-Conviction Relief" section of this Plea Agreement;

(b) That the defendant receive a sentence of probation to be determined by the Court;

(c) That the defendant be required to pay restitution to the Department of Defense in the amount of $52,968;

(d) That the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release; and

(e) That the defendant pay a special assessment of $100.00, said amount due and owing as of the date sentence is pronounced.

## IV. WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF

In consideration of the recommended disposition of this case, I, PAUL J. DAIGLE, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

The defendant reserves the right to contest in an appeal or post-conviction proceeding either or both of the following:

(a) Any sentence imposed in excess of the applicable statutory maximum sentence(s);

Defendant's Initials _PJD_

(b) Any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed; and

(c) Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, PAUL J. DAIGLE, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

_____
PAUL J. DAIGLE

## V. UNITED STATES SENTENCING GUIDELINES

Defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence

6                                        Defendant's Initials ____

to reach an advisory guideline range, and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the government's recommendation. Further, the defendant understands that if the Court does not accept the government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The defendant understands that if the defendant (a) violates any federal, state, or local law or any condition of pretrial release after entering into this Plea Agreement, (b) moves the Court to accept a plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), (c) tenders a plea of *nolo contendere* to the charges, (d) violates any other term of this Plea Agreement, and/or (e) does or says anything that is inconsistent with the acceptance of responsibility, the Plea Agreement will become NULL and VOID at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained

7                                                    Defendant's Initials _____

herein. Further, such election will not entitle the defendant to withdraw a previously entered plea.

## VIII. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other component of the Department of Justice, the United States Attorney in any other district, or any other state or local authority.

## IX. COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to:

- fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party;

- promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs;

- identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest;

- take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant;

- undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

The defendant further agrees that the above information, as well as any of the defendant's financial statements and disclosures, will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## X.  AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any

Defendant's Initials _____

appropriate restitution to each of the separate and proximate victims related to those counts should there be any.

## XI.   TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## XII.   DEFENDANT'S ACKNOWLEDGEMENT

I have read and understand the provisions of this agreement consisting of 13 pages. I have discussed the case and my constitutional and other rights with my

Defendant's Initials _____

lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

>**NO PROMISES OR REPRESENTATIONS OTHER THAN THOSE IN THE AGREEMENT HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here: _20mg Adderall, 1 mg Clonazepam, 5 mg Trintellix_.

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

11                    Defendant's Initials _____

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

13 May 22
DATE

_____
PAUL J. DAIGLE
Defendant

## XIII.   COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea on the terms and conditions set forth herein.

5/13/22
DATE

_____
LATASHA MCCRARY
DEANNA LEE OSWALD
Assistant Federal Public Defenders

## XIV. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

WILLIAM R. CHAMBERS, JR.
Acting United States Attorney

5/16/22
DATE

*Davis Barlow*
DAVIS BARLOW
Assistant United States Attorney

5/16/22
DATE

*Lauren Archer w/ perm. DAB*
LAUREN ARCHER
MICHAEL MCCARTHY
Trial Attorneys